UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE TERESA TRAN, §<br>*Debtor* §<br>_____ §<br>§<br>§<br>eCAST SETTLEMENT CORP., §<br>*Appellant*, §<br>§<br>v. §<br>§<br>TERESA TRAN, §<br>*Appellee*. § | CIVIL ACTION H-06-2965<br><br>On appeal from<br>BANKRUPTCY CASE: 05-82180 |

## Memorandum and Order

Pending before the Court is appellant, eCast Settlement Corp.'s, appeal from an order of the United States Bankruptcy Court for the Southern District of Texas disallowing the claims of eCast Settlement Corp. against appellee, Teresa Tran. (Dkt. #6). Having considered the issues presented to the court, the applicable law, and for the reasons that follow, the Court is of the opinion that the order of the bankruptcy court should be AFFIRMED.

### I. BACKGROUND

Teresa Tran, appellee-debtor, sought bankruptcy protection under Chapter 13 of the Bankruptcy Code on August 16, 2005. Court Record (CR) 1. ECast, appellant-creditor and assignee of three banks which allegedly issued credit cards to Tran, filed Proofs of Claim on December 20 and 22, 2005 against Tran's estate. CR 6-8. Tran, in turn, filed objections to each of eCast's proofs of claim declaring that eCast was a stranger and therefore she owed them no money. CR 13-15. ECast timely responded to Tran's objections producing further evidence supporting its proofs of claim against her. CR 15. ECast's additional evidence consisted primarily of general assignment

agreements between eCast and the three banks from which they contend Tran's credit cards were issued. *Id*. However, eCast's assignment agreements do not specifically identify Tran or her respective accounts. *Id*. Judge Karen Brown for the United States Bankruptcy Court for the Southern District of Texas held an evidentiary hearing one month later during which eCast was assigned the burden to overcome Tran's objections. CR 20, Hearing Transcript (TR) 18:14-20. ECast attempted to introduce evidence supporting its proofs of claim, but the assignments were excluded as hearsay. TR 39:21 - 40:3. ECast also conducted a direct examination of Ms. Tran. TR 20:18 - 41:17. On September 6, 2006, Judge Brown issued an order disallowing eCast's claims against Tran. CR 17. The court found that eCast failed to file a proper proof of claim based upon a writing and thus its proofs of claim were not entitled to *prima facie* validity. CR 17, pg. 38. Therefore, the court found Tran had no evidentiary burden to overcome in objecting to eCast's claims. *Id*. Furthermore, the court found that eCast failed to satisfy its evidentiary burden of proving the validity and amounts of its claims under Texas law. *Id*. at 40. Twelve days after the lower court issued its opinion, eCast filed this appeal.

ECast moves this court to reverse the order of the lower court disallowing eCast's claims against Tran. Dkts. 1-4. ECast specifically asserts that the lower court improperly applied the law in ruling: i) eCast failed to satisfy its evidentiary burden of proving the validity and amount of its claims; ii) eCast was required to prove it was the transferee of the claims it filed against Tran; iii) eCast's claims are disallowed even though they are not explicitly excepted by statute; and iv) eCast was not entitled to a continuance to amend its claims. Dkt. 3. Both sides have fully briefed the issues on appeal and the case is ripe for consideration. Dkts. 6, 9-10. Appellants request oral argument. Dkt. 6. The issues presented in this appeal are sources of confusion permeating nearly

every circuit in the United States. However, the Fifth Circuit has taken a clear position on the issue and for the reasons that follow the decision of the lower court should be affirmed as it is consistent with Fifth Circuit law.

## II. JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), and in reviewing the findings of a bankruptcy court, a district court acts in an appellate capacity. *See Perry v. Dearing*, 345 F.3d 303, 308-09 (5th Cir. 2003). The burden is on the appellant to show that a finding of fact made by the bankruptcy court is clearly in error. *See Perry*, 345 F.3d at 309; *Butler Aviation Int'l, Inc. v. Whyte*, 6 F.3d 1119, 1127-28 (5th Cir. 1993); *see also* FED. R. BANKR. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."). A finding of fact is clearly erroneous when, even in the presence of evidence to support it, the reviewing court is left with a "definite and firm conviction" that the bankruptcy court has made an error. *See Carol v. Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005). A bankruptcy court's conclusions of law are reviewed *de novo*. *See Perry*, 345 F.3d at 309; *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 928 (5th Cir. 1999).

## III. ANALYSIS

ECast Settlement Corporation designated themselves as an unsecured creditor with respect to the estate of Teresa Tran. *See* CR 6-8 (electing "unsecured nonpriority claim" on Official Form 10). The ordinary procedure by which an unsecured creditor files a claim against a debtor under bankruptcy protection begins with filing a proof of claim. *See* FED. R. BANKR. P. 3002. The rules further require that:

> [w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

FED. R. BANKR. P. 3001(c). "A proof of claim executed and filed in accordance with these rules [Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim."  FED. R. BANKR. P. 3001(f).

A.      **Validity of eCast's Proofs of Claim.**

ECast's first point of error is that the lower court erroneously concluded that eCast failed to satisfy its evidentiary burden of proving the validity of its claims against Tran.  As part and parcel of this inquiry the court concluded:  i) eCast's claims were not *prima facie* valid; ii) Tran properly objected to eCast's claims thus shifting the burden upon eCast to prove its underlying claims were valid; and iii) eCast failed to prove its underlying claims were valid and enforceable against Tran.

  i.      *Prima Facie* **Validity.**

    a. ECast's Argument

ECast argues that the lower court erred in finding their proofs of claim failed to meet the requirements to enjoy *prima facie* validity.  Dkt. 6, p. 10.  They assert the court improperly reversed the burdens of proof by requiring that their proofs of claim be evinced by proof of transfer or assignment. *Id*. at 14.  The crux of eCast's argument rests on the interplay among the provisions set forth in Rule 3001.  ECast cites voluminous case law from several circuits other than the Fifth Circuit to this effect.  Dkt. 6, pp. 13-16.  The case law eCast cites stands for the proposition that a creditor's failure to comply with Rule 3001(c) should not alone serve as the basis for disallowance of their claim. *See e.g. Heath v. American Express Travel Related Services Co., Inc.*, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005).  The court in *Heath* held that courts are bound first by 11 U.S.C. §§ 501,

502. *Id*. Those sections, the court held, mandate that a court may only disallow a creditor's claim based upon one of the statutory exceptions listed in § 502. *Id*. The *Heath* court further held that a creditor's failure to comply with Rule 3001(c) is not a statutory exception and therefore cannot alone serve as the basis for disallowance of a claim. *Id*.

### b. Tran's Argument

Tran argues that failure to comply with Rule 3001(c) deprives a creditor's claim of *prima facie* validity. Dkt. 9, p. 12. Tran controverts eCast's argument by citing Ninth Circuit case law to support its argument. *See In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991); *In re Consol. Pioneer Mortgage*, 178 B.R. 222, 226 (B.A.P. 9th 1995). The court in *Consolidated Pioneer* held that a creditor must set forth evidence supporting substantive legal liability in its claim to enjoy *prima facie* validity. *See Consol. Pioneer Mortgage*, 178 B.R. at 226.

### c. The Lower Court's Reasoning

The court below held that the prerequisite for a proof of claim to enjoy *prima facie* validity depended upon satisfaction of the elements of Rule 3001. CR 17, p. 7. Rule 3001(c) requires a creditor to satisfy at least one of two requirements in filing a proof of claim based on a writing. *See* Rule 3001(c). The creditor "shall" either: i) file the writing upon which the claim is based; or ii) provide a statement of the circumstances under which the writing cannot be filed. *See id*. To determine whether eCast's claim was based upon a writing, the lower court first looked to United States Supreme Court law setting forth the rule that state law creates the obligation a debtor owes a creditor. The 'basic federal rule' in bankruptcy is that state law governs the substance of claims . . . ." *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 19; 120 S. Ct. 1951, 1954 (2000) (quoting *Butner v. United States*, 440 U.S. 48, 55; 99 S. Ct. 914 (1979)). "Creditors' entitlements in

bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation . . . ." *Raleigh*, 530 U.S. at 20. The court then looked to Texas law to determine whether eCast's claims were based on a writing under state law. A credit card creditor's claim is based upon a written contract. *See Tully v. Citibank, (South Dakota) N.A.*, 173 S.W.3d 212, 215-217 (Tex. App.—Texarkana 2005) (noting that a claim based on failure to make payments as required by terms of a credit card agreement is fair notice of an action for breach of contract). In accordance with both United States Supreme Court and Texas state case law, the court below determined eCast's claims were based upon a writing. After making that determination, and after noting that eCast did not file the writings upon which its claims are based, the court next analyzed whether eCast satisfied the alternative option to comply with Rule 3001(c). A creditor that does not file the writing upon which a claim is based may provide an explanation of the circumstances under which the writing cannot be filed. *See* Rule 3001(c). Instead, eCast included on the bottom portion of its account summary attached to its proofs of claim, a boilerplate paragraph stating that "in lieu of attaching voluminous account documents, a summary of the account . . . is provided." CR 6-8. The court below found eCast's boilerplate language not only failed to show the writing is indeed a voluminous document, but it also was "not a sufficient description of the circumstances of the loss or destruction of the writing" as required by Rule 3001(c). CR 17, p. 8. Therefore, the court found eCast's account summary did not satisfy the alternative option under Rule 3001(c). *Id*. The court, concluding the claims were based on a writing and failed to comply with Rule 3001(c), found eCast's claims did not enjoy *prima facie* validity. CR 17, p. 8.

### d. Conclusion

Under Rule 3001, a "proof of claim executed and filed in accordance with these rules [Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). As discussed above, eCast did not comply with Rule 3001(c). ECast drafted its boilerplate language discussed above to comply with the Proof of Claim form as evidenced by eCast including the following language in its statement: "Pursuant to paragraph 9 Official Bankruptcy Form 10, Proof of Claim . . . ." CR 6-8. While the foregoing boilerplate language may satisfy the requirement of Form 10, it certainly does not appear to provide the explanation mandated by Rule 3001(c) as discussed above. In light of eCast's failure to comply with Rule 3001(c), eCast does not meet the requirements of Rule 3001(f) and thus their proofs of claim should not enjoy *prima facie* validity.

### ii.     Burden Shifting.

#### a. ECast's Argument

ECast argues that the court improperly shifted the burden upon them to prove the underlying validity of their claims. ECast argues that to overcome the validity of a proof of claim requires more than an unsubstantiated objection to form. *See In re Fid. Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1998). Furthermore, eCast argues that even a defunct proof of claim is valid if the debtor admits the debt in her schedules. *See In re Jorczak*, 314 B.R. 474, 483 (Bankr. D. Conn. 2004). However, eCast improperly characterizes Tran's testimony. She not only did not admit owing any money to eCast, but the figures disclosed on Tran's schedules did not exactly equal the amounts eCast claims they are owed. *See* CR 17, p. 1-2.

### b. Tran's Argument

Tran argues the lower court correctly placed the burden upon eCast to prove the validity of its claim because the claims were not *prima facie* valid. Tran argues that the lower court's allocation of burdens was correct pursuant to Rule 3001.

### c. The Lower Court's Reasoning

The court found that failure to file a proof of claim in compliance with the Federal Rules of Bankruptcy Procedure merely deprives the proof of claim of *prima facie* validity. *See* FED. R. BANKR. P. 3001(f). Finding that eCast's proof of claims did not comply fully with Rule 3001(c)—and thus did not enjoy *prima facie* validity—the court then applied Fifth Circuit law to determine its next step in the analysis. The court held that in objecting to a proof of claim, the debtor has the burden to overcome the *prima facie* validity of the claim. *See McGee v. O'Connor*, 153 F.3d 258, 260-261 (5th Cir. 1998). As discussed above, eCast's proof of claim did not enjoy *prima facie* validity; therefore the court found that Tran needed only object to the claim pursuant to the applicable rules, or statute. The court cited 11 U.S.C. § 502(a), the statute from which a debtor's right to object to a creditor's claim arises. The statute states that "[a] claim . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Viewing Tran's objection in light of Fifth Circuit case law and the applicable federal statute, the court found the objection to be valid. After a valid objection, the creditor is charged with the burden of proving the validity of his claim. *See McGee*, 153 F.3d at 260-261. Therefore, following the debtor's valid objection to the claim, the court shifted the burden to the creditor to prove the underlying basis or validity of his claim.

### d. Conclusion

"One who asserts a claim is entitled to the burden of proof that normally comes with it." *Raleigh*, 530 U.S. at 20. As discussed above, the lower court found Tran's objection was valid pursuant to 11 U.S.C. § 502(a). Furthermore, because eCast's claim had no presumption of validity, Tran had no evidentiary burden to overcome in objecting to eCast's claim. Under Fifth Circuit case law, if a debtor successfully objects to a proof of claim, the burden shifts to the creditor to prove the underlying validity of its claim. *See Matter of O'Connor*, 153 F.3d 258, 260-261 (5th Cir. 1998). Therefore, under Fifth Circuit law, the burden rightfully shifted to eCast to prove the validity of its claim.

### iii.     Underlying Validity of ECast's Proofs of Claim.

#### a. ECast's Argument

ECast argues that the lower court misapplied the Bankruptcy Code and erred by applying Texas law in finding their claims unenforceable against Tran. ECast cites the United States Constitution requiring that bankruptcy laws be uniform throughout the nation. *See* Dkt. 6, p. 16 (citing U.S. CONST. art. I, § 8, cl. 4). ECast again cites case law from several circuits other than the Fifth Circuit to support its argument. *See Butler v. Nationsbank, N.A.*, 58 F.3d 1022, 1029 (4th Cir. 1995) (stating "when a claim arises for bankruptcy purposes, reference is to be made to federal bankruptcy law rather than to state law."). ECast also argues that the court misapplied Texas state law, but cites not a single Texas case to support their contention.

#### b. Tran's Argument

Tran's argument tracks that of the lower court and therefore is inherently addressed below.

9

### c. The Lower Court's Reasoning

The court found that the validity of eCast's underlying claim is governed by state law. *See Ford v. Durkay (In re Ford)*, 967 F.2d 1047, 1050 (5th Cir. 1992). "The 'basic federal rule' in bankruptcy is that state law governs the substance of claims . . . ." *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 19; 120 S. Ct. 1951, 1954 (2000) (quoting *Butner v. United States*, 440 U.S. 48, 55; 99 S. Ct. 914 (1979)). "Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation . . . ." *Raleigh*, 530 U.S. at 20. "While state law ordinarily determines what claims of creditors are valid and subsisting obligations, a bankruptcy court is entitled . . . to determine how and what claims are allowable . . . ." *Ford*, 967 F.2d at 1050 (quoting *In re Brints Cotton Mrkg., Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984)). In accordance with Fifth Circuit and United States Supreme Court case law, the lower court deferred to Texas law to assess the validity of eCast's claims.

A credit card creditor's claim is based upon a written contract. *See Tully v. Citibank, (South Dakota) N.A.*, 173 S.W.3d 212, 215-217 (Tex. App.—Texarkana 2005) (noting that a claim based on failure to make payments as required by terms of a credit card agreement is fair notice of an action for breach of contract). At least one Texas court has held that as a threshold matter, a creditor's failure to produce the contract between the creditor and debtor is fatal to a case for breach of contract. *Preston State Bank v. Jordan*, 692 S.W.2d 740, 744 (Tex. App.—Fort Worth 1985) (finding even a debtor's failure to allege an agreement does not exist does not relieve the creditor from proving the elements of a contract). "The legal standards for measuring the value of a bankruptcy claim for contract breach are therefore the same as those which would be applied if the bankruptcy had not occurred." *Ford*, 967 F.2d at 1050 (quoting *In re Continental Airlines Corp.*,

64 Bankr. 865, 871 (Bankr. S.D. Tex. 1986)). The court found the burden shifted to eCast to prove the validity of its underlying claim which, according to Texas law governing credit card claims, is governed by breach of contract.

ECast had the opportunity to introduce evidence during the evidentiary hearing held June 20, 2006 before Chief United States Bankruptcy Judge Karen Brown to support its claim beyond what was attached to its proofs of claim. TR 1. As discussed above, eCast introduced evidence and examined Teresa Tran at that hearing. The court found that there were several key documents, any of which could have satisfied eCast's burden of proof had they been entered into evidence. An affidavit from the custodian of records: i) authenticating the credit card agreement; ii) authenticating monthly statements; or iii) certifying the unpaid balance and balance due could have met eCast's burden. *See Hay v. Citibank, (South Dakota) N.A.*, 2006 Tex. App. LEXIS 8101, *7-*8 (Tex. App.—Houston [14th Dist.] 2006). More relevant to eCast's situation, the court found that one who has purchased an account from a bank may rely upon the custodian of the purchaser's records to fulfill the requirements above. *Block v. Providian Nat'l Bank*, 2004 Tex. App. LEXIS 6141, *6-*8 (Tex. App.—Dallas 2004, pet. denied). Rather than introduce any of the types of evidence discussed above, eCast attempted to introduce general assignment agreements from three banking institutions which were excluded on evidentiary grounds. CR 15, Ex. E; TR 9:22 - 11:10, 39:21 - 40:4. The court notes that eCast offered no witness to establish the validity of their claim as discussed above and no affidavit to authenticate documents as discussed above. Furthermore, eCast failed to offer any evidence beyond a few monthly statements—clearly insufficient on their own—to establish the existence of a contract or the amount owed under Texas law. The court proceeded a step further showing that even if eCast had established the validity of their claim, they still failed to establish the

11

amount of their claim pursuant to Texas law. The court therefore concluded that eCast failed to properly file their proofs of claim and subsequently failed to prove the validity of their underlying claim.

### d. Conclusion

Pursuant to the Federal Rules of Bankruptcy Procedure and Texas law governing breach of contract, eCast's claims are not valid, are unenforceable, and therefore should be disallowed. As such, the court below was correct in disallowing eCast's claims against Teresa Tran.

**B.     ECast Was Not Required to Prove It Was the Transferee of the Claims.**

In its second point of error, eCast asserts the lower court improperly required it to prove it was the assignee of the claims it filed against Tran. As discussed above and exemplified in the lower court's order, eCast was not required to show it was the transferee or assignee of the claims at issue. CR 17, p. 10. Tran argues this point of error is nothing more than a red herring. The court is not led down this path which is both unnecessary and off-point. In fact, had eCast produced the specific assignments of each claim from the respective banks, it still would not have carried its burden because, as discussed above, it was assigned the burden to prove the validity of its claim under state contract law. It was not assigned the burden to prove it rightfully acquired the claim. There are specific elements that eCast must establish to show an enforceable contract. The lower court cited case law setting forth three different ways eCast could have made that evidentiary showing. However, eCast was not required to produce assignments or transfer documents, and doing so would not alone have established a valid and enforceable claim under Texas law.

**C.     Disallowance of Claims Not Excepted By Statute.**

In its third point of error, eCast argues the court disallowed a claim based on grounds not explicitly authorized by statute. § 502(b) sets forth nine explicit provisions that serve as exceptions to the rule that the court must allow a claim. 11 U.S.C. § 502(b). In other words, courts must generally allow a properly filed claim, but if one of the nine statutory provisions governs, then the court may summarily disallow the claim. *See* 11 U.S.C. § 502(b).

   **i.     ECast's Argument**

ECast argues that the lower court erred in disallowing claims that are not explicitly excepted by statute; a point related to their first point of error. As discussed above, eCast relies on Ninth Circuit law stating that a creditor's failure to comply with Rule 3001(c) should not alone serve as the basis for disallowance of their claim. *See e.g. Heath v. Am. Express Travel Related Servs Co.*, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005). The court in *Heath* held that courts are bound first by 11 U.S.C. §§ 501, 502. *Id*. Those sections, the court held, mandate that a court may only disallow a creditor's claim based upon one of the nine statutory exceptions set forth in § 502(b). *Id*. The *Heath* court further held that a creditor's failure to comply with Rule 3001(c) is not a statutory exception and therefore cannot alone serve as the basis for disallowance of a claim. *Id*.

   **ii.    Tran's Argument**

Tran first argues that eCast failed to fully brief this point of error and therefore it is waived. Tran then argues that even if the issue is not waived, eCast's argument is clearly false in light of 11 U.S.C. § 502(b)(1) specifically providing that a claim that is unenforceable under state law is excepted by statute. *See* 11 U.S.C. § 502(b)(1). Tran argues that because eCast's claim is

unenforceable under Texas contract law, it does in fact fall under the statutory exception provided in 11 U.S.C. § 502(b)(1).

### iii. The Lower Court's Reasoning

The court agreed with Tran under the plain language of 11 U.S.C. § 502:

> [T]he court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.

11 U.S.C. § 502(b). The court noted that eCast's claim was found invalid and unenforceable under Texas contract law. Section 502(b) enables courts to disallow claims found unenforceable under state law. The court therefore found that Tran's contention that she owed no money to eCast adequately stated an objection and the claim was disallowed under § 502(b)(1).

### iv. Conclusion

The lower court clearly gave full effect to the plain language of the statute. Furthermore, even if the statutes were not clear, the Congressional Record reveals that in drafting the language of the specific section at issue, Congress intended that "claims for usurious interest or which could be barred by an agreement between the creditor and the debtor would be disallowed." 124 CONG. REC. H11093 - H11095, H11110 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards introducing the House amendments). The intent behind the enactment of § 502(b) is particularly relevant in light of this case because one could not determine if their estate is being charged usurious interest if no breakdown of the interest charged is provided to the debtor in the first place. Allowing eCast to file a claim against Tran's estate without showing the interest charged thereto would effectively gut 11 U.S.C. § 502(b) of its intended purpose in light of the Congressional Record above. Furthermore,

as the discussion above reveals, Texas law is applicable to eCast's underlying claim. Also shown above, eCast's claim is unenforceable against Tran as they have simply failed to establish the validity of their claim. Therefore, the clear language of 11 U.S.C. § 502(b) provides an exception allowing the court to disallow eCast's claim. *See* § 502(b) (stating that the "court . . . shall allow such claim . . . except to the extent that—(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law). The plain language of the statute supports the lower court's finding.

**E.     ECast was Not Entitled to Amend Its Claims.**

In its fourth and final point of error, eCast alleges it was denied its right to amend its claim to comply with the court's requirements discussed at the evidentiary hearing.

**i.     ECast's Argument**

ECast argues one final point of error. At the end of the evidentiary hearing, Judge Brown denied eCast's request for a continuance to submit a business records affidavit as discussed above. Once again eCast cites a slew of case law from several circuits other than the Fifth Circuit. The single relevant case cited by eCast is a United States Supreme Court case that easily resolves the argument. *See* Dkt. 6, p. 31. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**ii.     Tran's Argument**

Tran argues that eCast never sought leave to amend, but instead sought a continuance after fully presenting all of its evidence. Tran argues in equity that allowing a party to ask for a "do over" after losing a contested matter would bring about an inequitable result.

15

### iii.     The Lower Court's Reasoning

The transcript of the hearing at which eCast's request for a continuance was denied reveals that the court sustained opposing counsel's objection to eCast's request for a continuance. TR 42:6-9. The court held that the hearing was "long-scheduled . . . and I'm [Judge Brown] not going to continue it." TR 42:7-9.

### iv. Conclusion

ECast cited a case that is directly on point and dispositive on this issue. One of the justifying reasons for denial of leave to amend is undue delay. *Foman*, 371 U.S. at 182. The lower court clearly cited the delay prior to the hearing as the reason continuance was denied. TR 42:7-9. As the lower court provided a reason for its denial of a continuance, there is no abuse of discretion.

## IV. CONCLUSION

In light of the discussion and analysis above, the lower court was correct in disallowing eCast's claims. The application of Texas law to assess the validity and enforceability of eCast's underlying substantive claims resolves most of the issues on appeal. Pursuant to both statutory and case law analysis, eCast failed to comply with Rule 3001 in filing their proofs of claim. The rule therefore did not grant those claims a presumption of *prima facie* validity. Therefore, Teresa Tran's objection pursuant to 11 U.S.C. 502(a) was valid as it need not overcome any presumption of validity. Subsequently, eCast simply failed to meet their burden to prove their underlying claim under governing state law. The lower court disallowed their claims and that decision is clearly supported by Fifth Circuit law.

As a matter of equity, eCast could have easily met their burden of proof. They had several opportunities, but inexcusably failed to meet their burden of proof each time. Their appeal is based more on equity than on law. However, the principles of equity do not weigh in their favor.

After reviewing the issues on appeal, the applicable law, and for the reasons above, the order of the United States Bankruptcy Court for the Southern District of Texas disallowing eCast Settlement Corp.'s claims against Teresa Tran is AFFIRMED.

Signed on May 14, 2007, at Houston, Texas.

_____
Gray H. Miller
United States District Judge